**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SIMEON J. BRIGGS,** | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:18-1543 |
| v. | : |
| | : (Judge Mannion) |
| **DAVID J. EBBERT, Warden,** | : |
| Respondent | : |

## **MEMORANDUM**

Petitioner, Simeon Briggs, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges a state court conviction, imposed by the Providence Superior Court, Providence, Rhode Island. (Doc. 1, petition). Petitioner states that "in 2009 [he] got sent to Super Max for an assault and in 2010 went to court for it" and "then in 2012 [he] got transfer to the FBOP" and "after that every year [he] kept going from jail to jail in the federal system." Id. He claims that he is "trying to file paperwork to go back to Rhode Island to fight [his] case better" as he "cant' fight [his] case with federal laws." Id. Thus, on August 3, 2018, Petitioner filed the instant action, seeking to challenge his Providence conviction. Id. For the reasons outlined below, the action will be transferred to the United States District Court for the District of Rhode Island.

**Discussion**

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). The Rules are applicable to § 2241 petitions under Rule 1(b). Id.

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the fact of the petition that Briggs cannot seek habeas relief in this Court.

The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]....' '[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) (emphasis in original) (citations omitted). There is no question that

this Court has jurisdiction over Brigg's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, Hilton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Petitioner's instant habeas claims do not relate to his present conditions of confinement at USP–Lewisburg. Rather, Petitioner's habeas claims only challenge his Providence conviction and sentence. Thus, Petitioner's instant habeas claims have no connection with the Middle District of Pennsylvania, which is where Petitioner filed his habeas petition.

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have

3

been brought. 28 U.S.C. §1404(a). Additionally, the district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

The trial court, namely, Providence Superior, is located within the jurisdiction of the United States District Court for the District of Rhode Island. All records of Petitioner's state court conviction, transcripts of proceedings, witnesses, counsel, and conviction records are also located within the District of Rhode Island. As stated, the Court finds that Petitioner's § 2254 habeas petition has no relation to his confinement in the Middle District of Pennsylvania. Consequently, this matter will be transferred to the United States District Court for the District of Rhode Island pursuant to §1404(a). A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 11, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1543-01.wpd